CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 19 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TONY WAYNE COVEY,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:14-cv-00266 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| WALLENS RIDGE PSYCHIATRIC<br>DEPT, <u>et al.</u>,<br>    Defendants. | ) <br> ) <br> ) <br> ) | By:  Hon. James C. Turk<br>        Senior United States District Judge |

Tony Wayne Covey, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, naming as defendants the Wallens Ridge State Prison ("WRSP") Psychiatric Dept. and Dr. R. Krishnappa, the WRSP Psychiatrist. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff alleges that "Dr. Krishnappa . . . violated [his] mental and physical health rights which caused mental and physical harm to [him]. [Dr. Krishnappa] failed to study [Plaintiff's] medical file before treating [his] mental health. Dr. [] Krishnappa['s] negligence led him to prescribe medications for [Plaintiff] that were detrimental and harmful to [Plaintiff's] health and well being." Compl. 2.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law."[1] West v. Atkins, 487 U.S. 42, 48 (1988). The WRSP's psychiatric department is not an appropriate defendant. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989) (stating neither states nor governmental entities that are considered arms of the state constitute "persons" under § 1983); McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. Apr. 13, 1992) (reasoning jails are not appropriate defendants to a § 1983 action). Plaintiff also fails to describe Dr. Krishnappa's deliberate indifference to a serious medical need in order to state a claim under the Eighth Amendment for the unconstitutional denial of medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff cannot rely on mere labels and conclusions to describe an Eighth Amendment claim. See Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Furthermore, acts of negligence do not constitute a violation of the Eighth Amendment. See, e.g., Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Accordingly, the

---

[1] The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2

court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER**: This 17TH day of June, 2014.

/s/ James C. Turk
Senior United States District Judge